FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAY 14 2010

JAMES N. HATTEN, Clerk
By /s/ Sewill
        Deputy Cle

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CESERE GORSON CRAWFORD,  Movant, | : MOTION TO VACATE  : 28 U.S.C. § 2255  : |
| v. | : CRIMINAL INDICTMENT NO.  : 1:07-CR-0089-TWT-1 |
| UNITED STATES OF AMERICA,  Respondent. | :  : CIVIL FILE NO.  : 1:10-CV-0278-TWT |

## ORDER and OPINION

This 28 U.S.C. § 2255 motion is before the Court on Movant's motions to appoint counsel, for an evidentiary hearing, and for copies of transcripts (Doc. No. 90); Respondent's motion to dismiss this § 2255 motion as untimely (Doc. No. 92) and Movant's response (Doc. No. 93); Movant's motion for the Court to grant his motions to appoint counsel, for an evidentiary hearing, and for copies of transcripts (Doc. No. 94); Movant's motion for an answer to his requests for counsel, an evidentiary hearing, and copies of transcripts (Doc. No. 96); and Movant's motion for an extension of time in which to reply to Respondent's second response (Doc. No. 96).

AO 72A
(Rev.8/82)

I.  **Discussion**

A.  **Motion to Dismiss as Untimely**

Respondent has argued that Movant's January 28, 2010 § 2255 motion is untimely from the date his conviction became final on January 20, 2009, when the ninety-day time period expired for him to seek review of the Eleventh Circuit Court of Appeals' October 21, 2008 affirmance of his conviction. (Doc. No. 92 at 5-6 n.2.) Movant has argued that his motion is timely and has provided a copy of a letter from the Clerk of the United States Supreme Court, which states that Movant's petition for a writ of certiorari was denied on March 30, 2009. (Doc. No. 93, Attach.) Respondent now agrees with Movant that his § 2255 motion is timely. (Doc. No. 95 at 3 n.2.) Accordingly, the motion to dismiss (Doc. No. 92) shall be denied.

B.  **Appointment of Counsel**

Movant seeks appointment of counsel on the grounds that he is a paranoid schizophrenic, he is unable to understand the law, and he is "unable to understand what the Government's response is saying legally." (Doc. Nos. 90, 94 at 2, and 96 at 3.)

2

Although the Rules Governing § 2255 Cases may require appointment of counsel for an evidentiary hearing, there is no automatic right to counsel in a § 2255 proceeding. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(c); Shepherd v. United States, 253 F.3d 585, 587 (11th Cir. 2001) (citing Johnson v. Avery, 393 U.S. 483, 487-88 (1969)); Vandenades v. United States, 523 F.2d 1220, 1225-26 (5th Cir. 1975). In collateral proceedings challenging a conviction, appointment of counsel is necessary only when due process or "the interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B); Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." Johnson, 393 U.S. at 487.

It is observed that Movant adequately and successfully replied to Respondent's motion to dismiss this action as untimely. Additionally, the Court has reviewed Movant's pleadings and, at this point in the proceedings, unless and until an evidentiary hearing is required, the Court perceives no need to appoint counsel. Accordingly, Movant's requests for appointment of counsel shall be denied without prejudice.

### C. Evidentiary Hearing, Extension of Time to Reply, and Copies of Transcripts

Movant seeks an evidentiary hearing, and also seeks additional time to brief his grounds for relief and reply to the government's second response. (Doc. Nos. 90, 94, and 96 at 2-3.) For good cause shown Movant's request for an extension of time shall be granted, as ordered below. After receiving Movant's reply and briefing, the Court will determine whether an evidentiary hearing is needed. The Court will sua sponte order an evidentiary hearing if necessary, and it is not required that Movant file another motion for an evidentiary hearing. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(a). Thus, Movant's request for an evidentiary hearing shall be denied without prejudice at this time. Additionally, Movant's unexplained request for copies of transcripts shall be denied without prejudice. (See Doc. Nos. 90 at 2, 94, 96.)

## II. Conclusion

**IT IS ORDERED** that Respondent's motion to dismiss this § 2255 motion as untimely (Doc. No. 92) is **DENIED**.

4

AO 72A
(Rev.8/82)

**IT IS ORDERED** that Movant's motion for an answer (Doc. No. 96) is **GRANTED** to the extent that he seeks a ruling on his pending motions and is otherwise **DENIED**.

**IT IS ORDERED** that Movant's motions (Doc. No. 90) seeking appointment of counsel, an evidentiary hearing, and copies of transcripts and motion (Doc. No. 94) for the Court to grant those motions are **DENIED** without prejudice. If this Court determines, at a later point in the proceedings, that Movant requires appointed counsel or that an evidentiary hearing is required, it will reconsider, sua sponte, Movant's requests.

**IT IS ORDERED** that Movant's motion (Doc. No. 96) for an extension of time in which to reply to Respondent's second response is **GRANTED**, and Movant shall have until forty-five days from his receipt of this Order in which to file his reply.

**IT IS SO ORDERED**, this _14_ day of _May_, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

5